Peter R. Silverman, Esq.
Donald F. Schneider, Esq.
SILVERMAN SHIN & BYRNE PLLC
*Attorneys for Plaintiff Chun Peter Dong*
Wall Street Plaza
88 Pine Street, 22nd Floor
New York, New York 10005
Tel.: (212) 779-8600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHUN PETER DONG,

                                        Plaintiff,

        - against -

CHAIM MILLER a/k/a HARRY MILLER, SAM        16-CV-5836
SPREI a/k/a YECHIAL SHIMON SPREI, 3052 BRIGHTON
FIRST LLC, 3052 BRIGHTON FIRST LOFT, LLC, 3052
BRIGHTON MB LLC, 3112 EMMONS LOFTS LLC,  203-    **COMPLAINT**
205 NORTH 8TH STREET LOFT LLC, 203-205 N8 MB
LLC, 271 SEA BREEZE AVENUE LLC, 261 LOFTS
MANAGER LLC, BESAD 5TH LLC, 97 GRAND
AVENUE MEMBER LLC, 97 GRAND MB LLC, 11-45
RYERSON HOLDINGS, LLC, 11-45 RYERSON MB, LLC,
OLDEN EQUITIES LLC and JOHN DOE Nos. 1-10, being
individuals and entities who hold property belonging to
Defendants Chaim Miller and Sam Sprei, whose identities
are presently unknown to Plaintiffs,

                                        Defendants.
------------------------------------------------------------------------x

        Plaintiff Chun Peter Dong ("Dong"), by his undersigned attorneys, Silverman Shin &

Byrne PLLC ("SSB"), complaining of defendants, respectfully alleges:

434315v5                                    1

## NATURE OF THIS ACTION

1.      This action is brought to liquidate various limited liability company membership interests of defendants Chaim Miller ("Miller") and Sam Sprei a/k/a Yechial Shimion Sprei ("Sprei"), and obtain a turnover of property, in order to satisfy payment of a money Judgment against them obtained by Plaintiff Dong.  The Judgment, in the amount of $806,142.00, arose in connection with the settlements of claims by Dong and numerous other parties against Miller and Sprei for their embezzlement of funds from 45 John Lofts LLC, a New York real estate limited liability company in which Dong is a member.  Among other things, this action seeks a judgment charging the membership interests of Miller and Sprei in other limited liability companies with the unsatisfied amount of the Judgment pursuant to LLCL § 607(a), the appointment of a post-judgment receiver, and injunctive relief.

2.      This action also seeks recovery of substantial additional sums in excess of $6 million owed to Dong by Miller and Sprei pursuant to a Guaranty and an Indemnification Agreement.

## THE PARTIES

3.      Dong is a natural person domiciled in the State of Georgia.

4.      Upon information and belief, at all times relevant herein, Defendant Miller was and still is a natural person domiciled in the State of New York, residing at 1324 46th Street, Brooklyn, New York.

5.      Upon information and belief, at all times relevant herein, Defendant Sprei was and still is a natural person domiciled in the State of New York, residing at 1264 41st Street, Brooklyn, New York.

434315v5

2

6.      Upon information and belief, defendant 3052 Brighton First LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

7.      Upon information and belief, defendant 3052 Brighton First Loft, LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

8.      Upon information and belief, defendant 3052 Brighton MB LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

9.      Upon information and belief, defendant 3112 Emmons Lofts LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

10.      Upon information and belief, defendant 203-205 North 8th Street Loft LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

11.      Upon information and belief, defendant 271 Sea Breeze Avenue LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

12.      Upon information and belief, defendant 261 Lofts Manager LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

434315v5

13.     Upon information and belief, defendant Besad 5th LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

14.     Upon information and belief, defendant 97 Grand MB LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

15.     Upon information and belief, defendant 97 Grand Avenue Member LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

16.     Upon information and belief, defendant 11-45 Ryerson Holdings, LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

17.     Upon information and belief, defendant 11-45 Ryerson MB LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

18.     Upon information and belief, defendant Olden Equities LLC is a limited liability company organized in the State of New York, which maintains its principal place of business in the Eastern District of New York.

19.     Miller and/or Sprei is a member and/or manager of each of the defendant-limited liability companies set forth above.

20.     John Doe Nos. "1" through "10" are individuals and entities believed to be in possession of property belonging to Miller and/or Sprei, whose identities are presently unknown to Dong.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the Plaintiff and the Defendants are citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as (i) one or more defendants reside in this District and/or (ii) a substantial part of the events or omissions giving rise to this action occurred in this District and/or (iii) a substantial part of the property that is the subject of this action is situated in this District.

## THE RELEVANT FACTS

23.     In 2013, Dong was introduced to Sprei and Miller by his attorney, Ann Hsiung, regarding an opportunity to invest in commercial realty.  Dong had no prior experience in such investments.

24.     Following the advice of his attorney, Dong made investments in several limited liability companies that Miller and Sprei sponsored and which owned commercial or residential real property in the City of New York.

25.     Miller, along with Sprei as his undocumented confederate, is reported to have owned interests in seventeen different real properties in the City of New York in the last few years. *See* Real Deal, *Settlement Reached in Chaim Miller's Sale of 45 John Street*, 10/30/15. They "have a penchant for moving in and out of properties with other people's monies." *HS 45 John LLC v. 45 John Lofts LLC, et al.,* Adv. Pro. No. 15-1066 (SHL) *("HS45 Proceeding"),* hearing of July 23, 2015, Tr. 38, ll. 24-25.  As demonstrated below, they have emulated the roles of Max Bialystock and his accountant in the Mel Brooks production of "The Producers," who sold the ownership of a Broadway show multiple times over to unwitting investors.

26.    It is reported that since 2014, Miller and Sprei have been sued at least eighteen times by at least twenty-nine individuals and entities. *See* Real Deal, *id.* According to United States Bankruptcy Judge Sean Lane, "There's so much litigation involving [Miller and Sprei] in all sorts of different places that I can scarcely keep count." *HS 45 Proceeding*, July 23, 2015, Tr. at p. 17 ll. 23-25.

27.    Miller and Sprei have, or have been found to have, engaged in (i) various schemes to defraud their investors and creditors, and (ii) theft or embezzlement of the property of third-parties. For example:

(a)    A state court commercial part judge recently issued an order finding that Miller and Sprei had committed "intentional fraudulent conveyances" of Sprei's membership interests in certain limited liability companies, entered judgment against Miller and Sprei, jointly and severally, in the amount of $1,566,172.55, and appointed a receiver to sell realty owned by 97 Grand Avenue LLC. *See Drazin v. Chaim Miller*, Kings Co. Index No. 512405/14, Order and Judgment dated December 3, 2015.

(b)    Miller, "a close friend and business partner of [Abraham Leser]," was found by United States District Judge Matsumoto to have originated the idea underlying a scheme by Abraham Leser to avoid payment of $52 million that he owed to a financial institution. *See Leser v. U.S. Bank Nat'l Ass'n,* 2013 WL 3788877*5, *7 (E.D.N.Y. July 18, 2013).

(c)    Miller and Sprei embezzled a $14.33 million down payment belonging to 45 John Lofts LLC ("John Lofts"), a limited liability company in which Dong is a member, in order to buy out Miller's partner in four unrelated real estate ventures. *See* par. 30-49 below.

(d)     Miller and Sprei appear to have converted the proceeds of a $3.75 million loan obtained by Sullivan 90 Holdings LLC, a limited liability company in which Dong was a member during the time of the conversion, to their own personal benefit.

28.     Such misconduct by Miller and Sprei has resulted in several injunctions by federal and state court judges, enjoining (i) the sale, conveyance and encumbrance of real estate owned by Miller and/or Sprei (as Miller's undocumented affiliate) or by limited liability companies in which they own a membership interest, and (ii) any affirmative action by Miller or Sprei concerning one such property without the written consent of Dong.  Such injunctions (which with the exception of the property owned by 97 Grand Avenue, LLC, were subsequently lifted based upon a global settlement since violated by Sprei and Miller), include:

(a)     An Order dated February 25, 2015, *Chun Peter Dong, et ano. v. Chaim Miller, et al.*, N.Y. Co. Index No. 650502/15.

(b)     An Order dated April 1, 2015, *HS 45 John LLC v. 45 John Lofts LLC, et al.,* Adv. Case No. 15-01066 (SHL).

(c)     An Order dated July 29, 2015, *HS 45 John LLC v. 45 John Lofts LLC, et al.,* Adv. Case No. 15-01066 (SHL).

(d)     A temporary restraining order issued on May 21, 2015 by a state court commercial part judge, enjoining and restraining Miller and Sprei from conveying, transferring or modifying the right, title or interest in 97 Grand Avenue LLC or the realty owned by such entity.  *Drazin v. Chaim Miller*, Kings Co. Index No. 512405/14 (the "Drazin Action").  This temporary restraining order was thereafter continued by Order dated July 29, 2015 and appears to remain in effect.

434315v5

(e)    A further temporary restraining order issued in the Drazin Action on July 2, 2015, staying the sale of the realty owned by 97 Grand Street LLC based upon a violation by Miller and/or Sprei of the TRO identified in subdivision (d) above. *Id.*

29.    Miller and Sprei have money judgments against them, in addition to the Dong Judgment, which aggregate in excess of $13 million.  They include:

(a)    Abraham Leser against Miller in the sum of $10,455,356.25, Sup. Ct., Kings Co. Index No. 573868/15.

(b)    Aaron Drazin against Sprei and Miller in the sum of $1,566,122, *see* par. 27(a) above[1];

(c)  Parma International LLC against Sprei in the amount of $797,820, Sup. Ct., Kings Co. Index No. 501071/12.

(d)    Jonathan Wachtel against Sprei in the amount of $288,573.17, Sup. Ct., N.Y. Co., Index No. 3282/12.

**Formation of 45 John Lofts LLC and Acquisition of the John Street Property**

30.    45 John Lofts LLC ("John Lofts") is a single purpose entity whose sole asset during the relevant period of time was a vacant eighty-four unit condominium development located at 45-49 John Street in Manhattan (the "John Street Property").

31.    Dong invested $6 million for a 32% membership Interest in John Lofts.[2]  In connection with such investment, Dong was required to and did personally guaranty $49.5 million in mortgage financing for the benefit of John Lofts.

---

[1] This Judgment was recently settled.
[2] The term "Interest" refers to the limited liability company interest as defined in the John Lofts Operating Agreement.

434315v5

32.    Miller and Dong entered into an Operating Agreement for John Lofts dated February 28, 2014 (the "John Lofts Operating Agreement"), which allocated a 68% Interest to Miller and a 32% Interest to Dong, and designated Miller as the "initial manager."

33.    On March 4, 2014, Miller and Dong entered into an amendment of the John Lofts Operating Agreement (the "Amendment") which provided, among other things, that John Lofts would conduct business as a special purpose entity limited to the business of the ownership and operation of the John Street Property and included a provision stating that:

> For so long as the [Madison] Loan is outstanding, Harry Miller and Chun Peter Dong shall be the sole member(s) and managing member(s) of [John Lofts].

34.    Unbeknownst to Dong, Miller transferred 41% of his 68% Interest in John Lofts to other investors (the "41% Investors"), leaving himself only a minority Interest.

35.    In the fall 2014, Miller and Sprei were under substantial pressure to come up with a substantial sum in order to consummate a contract to buy out the membership interest of Miller's partner, Bo Jin Zhu ("Zhu"), in four limited liability companies (other than John Lofts), each owning a separate commercial property, and avoid loss of their $8.5 million contract down payment.

36.    More specifically, on May 12, 2014, Miller and Sprei entered into a contract with Zhu's assignee, Renatus Portfolio Company ("Renatus"), to buy out Zhu's limited liability company interests (the "Zhu Buy-Out Contract") in companies which owned four Brooklyn properties: 97 Grand Avenue ("Grand Avenue"), 203-205 North 8th Street ("North 8th St.), 32-34 Fifth Ave. ("Fifth Avenue"), and 29 Ryerson Street ("Ryerson," and along with Grand Avenue, North 8th St. and Fifth Avenue, the "Buy-Out Properties"). Miller and Zhu were the

sole members of the limited liability companies which owned these properties, with the exception of Ryerson, in which Dong had previously acquired a 25% interest from Miller.

37.    Under the Zhu Buy-Out Contract, Miller and Sprei had paid an initial deposit of $7 million against a purchase price of $31 million, with payment of the balance to be made by the time of the essence closing scheduled for August 11, 2014.  Pursuant to a further agreement, Miller and Sprei paid an additional deposit of $1,500,000 to Renatus for an extension of the closing date to September 15, 2014, time again being of the essence.   Thereafter, Miller obtained a further extension to September 19, 2014.

38.    Through the end of August 2014, Miller and Sprei were unable to raise the remainder of the purchase price needed to consummate the Zhu Buy-Out.  Miller and Sprei then attempted to obtain the necessary funds by, among other things, selling the John Street Property.

39.    Facing a fast approaching deadline which required them to pay more than $20 million to Renatus by September 19, 2014 in order to close their contract and avoid the loss of their $8.5 million down payment, Miller and Sprei in September 2014 entered into negotiations with HS 45 John LLC ("HS 45") to sell the John Street Property, without the knowledge of Dong or the 41% Investors.  Sprei, acting as Miller's agent, spearheaded the negotiations.

40.    With the sword of damocles of the September 19, 2014 deadline upon them, Miller, acting unilaterally as manager of John Lofts, along with Sprei entered into a contract to sell the John Street Property to a third-party, HS 45, on September 19, 2014.  Miller and Sprei did so without the knowledge or consent of Dong, a managing member of John Lofts, or of the 41% Investors to whom Miller had transferred the majority of his membership interest in John Lofts, whose consents were required for the sale of John Lofts' sole asset.

41.     Miller and Sprei were able to convince HS45 to make a $14.33 million down payment at Miller's direction, upon the signing of a contract of sale, and prior to conveyance of the property, without the requirement of an escrow.

42.     With Dong and other members of John Lofts unaware of the contract of sale, Miller and Sprei used the lion's share of the downpayment for their personal benefit. Among other things, they directed that $9.75 million of the downpayment be wired to satisfy their personal obligations, including a wire regarding the buy-out of Zhu's interests in the Buy-Out Properties.

43.     Sprei has admitted under oath that he and Miller used proceeds from the down payment in the buy out of Zhu's interests in the Buy-Out Properties.

44.     Dong and the 41% Investors learned of the contract of sale for the John Street Property after the purchaser filed a Memorandum of the Contract of Sale in the office of the City Register of the City of New York.

45.     That alarming discovery prompted pressing questions by the investors regarding the contract of sale to sell the sole asset of John Lofts and the whereabouts of the funds which constituted the downpayment.

46.     In response, Miller and Sprei fraudulently attempted to conceal their defalcation of the downpayment by transmitting to Dong and other investors in John Lofts bogus letters that were purportedly executed on behalf of Quick Title Search ("Quick Title"), a New Jersey based abstract company, and addressed to Miller, which falsely represented that Quick Title "is still holding on behalf of . . . Miller the proceeds from a 1031 exchange in the amount of $12,453,980."

47.     Ultimately, Sprei admitted under oath in bankruptcy proceedings commenced by HS45 that the letters were manufactured by a friend in order to "calm down" the investors and "soothe the lions." Sprei explained that he was under "a lot of pressure from the [41% Investors]" wanting to know what happened to the funds from the downpayment and he "need[ed] proof of funds to show the guys I will be able to pay them."

48.     After learning of the unauthorized contract of sale with HS45, Dong filed an action in the New York Supreme Court to enjoin the sale and disbursement of the HS45 downpayment which Dong believed was being held by Quick Title based upon Miller and Sprei's fraudulent conduct.

49.     Following the issuance of a temporary restraining order by the Supreme Court enjoining certain conduct by Miller and Sprei, including consummation of the sale and disbursement of the down payment, HS45 filed a voluntary petition in bankruptcy to protect its contract rights and interests in the John Street Property, and the state court action was removed to the United States Bankruptcy Court.

**Dong's Settlement of Certain Claims Against Miller and
Sprei Relating to Their Defalcation of Funds of John Lofts**

50.     As part of a global settlement in the HS45 bankruptcy, Dong entered into a settlement with Miller and Sprei concerning John Lofts.  The settlement was incorporated by reference in the HS45 global bankruptcy settlement, which was approved by the United States Bankruptcy Court. As part of the Dong settlement, Miller and Sprei agreed to compromise a portion of Dong's claims against them relating solely to John Lofts, agreeing to pay to Dong a stipulated sum on or before the sale of the John Street Property.

51.     Such payment was secured by a promissory note by Miller and Sprei and a Confession of Judgment in the amount of $800,000 executed by both Miller and Sprei (the "Confession of Judgment").

**The Unsatisfied Money Judgment in Favor of Dong Against Miller and Sprei**

52.     Miller and Sprei did not pay to Dong the agreed sum by the date of the sale of the John Street Property, which has occurred, or at any time thereafter.

53.     Consequently, on February 3, 2016, pursuant to the Confession of Judgment, a money Judgment in favor of Dong and against Miller and Sprei in the sum of $806,142.80 was entered in the Office of the Clerk of the County of Kings (the "Dong Judgment").

54.     The Judgment remains wholly unsatisfied despite collection efforts.

**Miller's Unlawful Conduct Concerning**
**Dong's Investment in Sullivan 90 Holdings LLC**

55.     Miller and Sprei's unlawful conduct with respect to Dong's investments with them is not limited to John Lofts. It also extends to Sullivan 90.

56.     At all relevant times, Sullivan 90 owned real property at 90-94 Sullivan Place in Brooklyn, New York (the "Sullivan 90 Property").

57.     In May 2014, Dong acquired a 50% membership Interest in Sullivan 90 from Miller for $2.1 million.

58.     On May 29, 2014, Miller and Dong signed a document entitled "Transfer Agreement and Assignment of Membership Interest and Amendment to Operating Agreement" ("Transfer Agreement"). The Transfer Agreement sets forth the transfer by Miller to Dong of a 50% membership interest in Sullivan 90 for the sum of $2.1 million, the payment of which is recited.

59.     At the same time that Miller and Dong executed the Transfer Agreement, Miller and Dong executed a document entitled "Amendment to Operating Agreement and Assignment of Membership Interest" ("Operating Agreement Amendment").  The Operating Agreement Amendment recites that Miller was the sole member of Sullivan 90 and owned a 100% membership interest therein, and that he transferred to Dong 50% of his membership interest in Sullivan 90 pursuant to the Transfer Agreement.  It further states that Miller and Dong each own a 50% membership Interest in Sullivan 90 and that they are its only members.

60.     Before acquiring such interest in Sullivan 90, Dong insisted that Miller, who is its sole manager, agree not to take certain important actions with respect to Sullivan 90 without Dong's approval, and Miller agreed.  In the Operating Agreement Amendment, Miller agreed that:

> 2.  Any sale, transfer, pledge or collateral of the real property located at 90-94 Sullivan Place, Brooklyn, NY 11225 shall be approved by both members and any sale, transfer, pledge or collateral of the membership interest of [Sullivan 90] shall be approved by both members.

61.     On August 4, 2014, a mere three months after executing the Operating Agreement Amendment requiring Dong's approval in order to pledge or collateralize the Sullivan 90 Property, Miller, without Dong's knowledge or approval, borrowed the sum of $3.75 million, pledging the Sullivan 90 Property as collateral.  Miller executed a Mortgage and Security Agreement and a Mortgage Note in the principal sum of $3.75 million.  On the signature page of each document, Miller signed as the "*Sole* Member and Manager*"* of Sullivan 90, a clear misrepresentation since Dong was a co-member whose consent was required.

62.     Miller did not request, let alone obtain, Dong's consent to this loan and encumbrance on the Sullivan 90 Property as he was contractually required to do.

434315v5

14

63.     Miller failed and refused to provide to Dong information about the whereabouts of the proceeds of the $3.75 million mortgage financing after Dong learned of such transaction after-the-fact and demanded such information.

64.     Miller never accounted to Dong for any of the income, expenses or transactions of Sullivan 90.  Moreover, Miller failed and refused to provide any information or documents concerning his unilateral operation of Sullivan 90, keeping Dong totally in the dark.[3]

65.     Thereafter, Dong, Miller and Sprei settled an action that Dong had filed against Miller and Sprei in connection with Sullivan 90.

**The Limited Liability Companies in**
**Which Miller and/or Sprei Own an Interest**

66.     Upon information and belief, Miller and/or Sprei, or entities which either or both control, own a membership interest in the following limited liability companies (collectively, the "Miller/Sprei Controlled Limited Liability Companies") which are named as defendants herein:

(a)     3052 Brighton First LLC

(b)     3052 Brighton First Loft, LLC

(c)     3052 Brighton MB LLC

(d)     3112 Emmons Lofts LLC

(e)     203-205 North 8th Street Loft LLC

(f)     271 Sea Breeze Avenue LLC

(g)     261 Lofts Manager LLC

(h)     Besad 5th LLC

(i)     97 Grand Avenue Member LLC

---

[3] Miller's counsel did provide to Dong's counsel on one occasion limited bank statements of Sullivan 90 under compulsion of a Subpoena following the threat of a contempt motion.

434315v5

(j)    97 Grand MB LLC

(k)    11-45 Ryerson Holdings LLC

(l)    11-45 Ryerson MB, LLC

(m)    Olden Equities LLC

(n)    203-205 N8 MB LLC

67.    Upon information and belief, Miller and/or Sprei, individually or through entities controlled by either of them, is designated as the sole managing member of and controls each of the Miller/Sprei Controlled Limited Liability Companies.

68.    Upon information and belief, Miller and/or Sprei, or entities owned by Miller and Sprei, own a membership interest in the following limited liability companies which are presently the subject of bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (collectively the "Miller/Sprei Bankruptcy LLCs"):

a.    97 Grand Avenue, LLC,[4] and

b.    261 East 78 Street Lofts LLC, a/k/a 261 East 78 Lofts LLC.[5]

## FIRST CAUSE OF ACTION
### (Injunction)

69.    Dong repeats and realleges each and every allegation set forth in paragraphs 1 through 68 above as if fully set forth herein.

70.    As alleged above, Miller and Sprei have engaged in various fraudulent conveyances and transactions and other unlawful conduct.

---

[4] With respect to 97 Grand Avenue LLC, Dong filed an involuntary petition in bankruptcy in the United States Bankruptcy Court for the Southern District of New York, In re 97 Grand Avenue LLC, 1:15-Bk-13367 (SHL). The involuntary bankruptcy has been converted to one under Chapter 11 of the Bankruptcy Code. No relief is sought against 97 Grand Avenue LLC in this action.
[5] 261 East 78 Street Lofts LLC filed a petition in bankruptcy in the United States Bankruptcy Court for the Southern District of New York, under Chapter 11 of the Bankruptcy Code. No relief is sought against 261 East 78 Street Lofts LLC in this action.

434315v5

71.     Absent injunctive relief, Miller and Sprei will continue to transfer, encumber and secrete their assets, which would frustrate enforcement of Dong's Judgment against them, causing Dong irreparable injury.

72.     Dong's claims herein are meritorious.  At a minimum, there are serious questions going to the merits which make the claim a fair ground for litigation.

73.     The balance of hardships weighs in Dong's favor.

74.     Dong lacks an adequate remedy at law.

75.     By reason of the foregoing, a temporary restraining order, preliminary injunction and permanent injunction should be issued, enjoining and restraining Miller and Sprei and all those acting in concert or cooperation with either of them, from:

(a)     selling, transferring, assigning, modifying, secreting or encumbering (i) their respective membership interests in any limited liability company; (ii) all of their other ownership interests in any other entity and (iii) any other real and personal property in which either has an interest; and

(b)     permitting or authorizing any sale, transfer or encumbrance of any real or personal property owned by a limited liability company or other entity in which either Miller and Sprei, individually or collectively, own in the aggregate at least a majority of the  membership interests or other interests or serves as manager, or in any way affecting, altering or modifying the title to any such properties or permitting or authorizing an increase in the indebtedness of such limited liability companies or other entities; and

(c)     engaging in or causing any other act by any limited liability company in which Miller or Sprei, individually or collectively, owns a majority of the membership interests therein or serves as a manager, (i) that is not in the ordinary course of business, or (ii) which

contravenes the governing limited liability company documents or the New York Limited Liability Company Law, or (iii) without the written consent of any Receiver appointed in this action.

## SECOND CAUSE OF ACTION
### (Turn Over of Property Pursuant to CPLR §§ 5225 and 5227)

76.    Dong repeats and realleges each and every allegation set forth in paragraphs 1 through 75 above as if fully set forth herein.

77.    Miller and Sprei are in possession or custody of money and/or personal property in which each has an interest.

78.    Miller and Sprei own membership interests in the Miller/Sprei Controlled Limited Liability Companies.

79.    Upon information and belief, the Miller/Sprei Controlled Limited Liability Companies own or are in possession, custody, or control of personal property and real property in which Miller and/or Sprei has an interest, or Dong's rights to such property are superior to those of the Miller/Sprei Controlled Limited Liability Companies.

80.    Upon information and belief, the "John Doe" defendants own or are in possession, custody or control of money and/or other personal property or real property in which Miller or Sprei has an interest, or Dong's rights to said property are superior to that of those "John Doe" defendants.

81.    By reason of the foregoing, Dong is entitled to an Order and Judgment (a) directing Miller and Sprei to pay such monies and other personal property to Dong to the extent sufficient to satisfy the Judgment, (b) directing the Miller/Sprei Controlled Limited Liability Companies to pay to Dong distributions of profits due to Miller and Sprei to the extent necessary

to satisfy the Judgment;  (c) directing the "John Doe" defendants to pay such monies and property to Dong to the extent necessary to satisfy the Judgment, (d) directing Miller and Sprei, the Miller/Sprei Controlled Limited Liability Companies and such "John Doe" defendants to execute and deliver all documents reasonably necessary to effect such payment and/or delivery; and (e) in the alternative to subdivisions (b) and (c) above, entering judgment in favor of Dong and against the Miller/Sprei Controlled Limited Liability Companies and the "John Doe" defendants.

### THIRD CAUSE OF ACTION
#### (Contractual Indemnity)

82.    Dong repeats and realleges each and every allegation of paragraphs 1 through 81 hereof as if more fully set forth herein.

83.    As part and parcel of a limited settlement of disputes relating to John Lofts, Miller and Sprei executed an Indemnification Agreement with Dong on or about September 30, 2015, (the "Indemnification Agreement").  A copy of the Indemnification Agreement is annexed hereto as Exhibit A and made a part hereof.

84.    In the Indemnification Agreement, Miller and Sprei indemnified Dong from and against, among other things, all present and future claims, causes of action, suits, obligations and expenses (including but not limited to attorneys' fees and disbursements), paid, incurred or to be incurred by Dong, arising from or in connection with, among other things, John Lofts or Dong's member interest in John Lofts.

85.    Dong has incurred and, upon information and belief, will continue to incur, expenses, including but not limited to attorneys' fees and disbursements, in defense of claims involving John Lofts and otherwise arising in connection with John Lofts.

434315v5

86.    By reason of the foregoing, Dong is entitled to a judgment against Miller and Sprei, jointly and severally, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon.

### FOURTH CAUSE OF ACTION
**(Guaranty – Principal and Interest)**

87.    Dong repeats and realleges each and every allegation of paragraphs 1 through 86 above as if more fully set forth herein.

88.    In or about April 2015, Dong loaned the sum of $5,400,000 to 3112 Emmons Lofts LLC ("Emmons Lofts"), a New York limited liability company in which Miller and Sprei each owned a membership interest.

89.    Emmons Lofts duly executed a promissory note which evidences such indebtedness (the "Note").

90.    The Note states that it accrues interest at the rate of 24% per annum commencing April 1, 2015 and that monthly payments of accrued interest shall be made in the amount of $108,000 on the first business day of each month as of May 1, 2015 until the maturity date of March 31, 2016, on which date the entire unpaid principal amount of the Note, together with all accrued and unpaid interest thereon, shall be due and payable.

91.    In order to induce Dong to advance funds and provide other accommodations to Emmons Lofts, Miller and Sprei executed an Amended and Restated Guaranty, dated as of April 1, 2015, in favor of Dong (the "Guaranty").  A copy of the Guaranty is annexed hereto and made a part hereof as Exhibit B.

92.    In the Guaranty, Miller and Sprei unconditionally and jointly and severally guaranteed to Dong the punctual payment when due of all of the obligations of Emmons Lofts owing to Dong under the Note.

434315v5

93.    In the Guaranty, Miller and Sprei further waived the promptness, diligence, notice of acceptance and any other notice with respect to any of the obligations under the Note.

94.    Neither Miller nor Sprei made any payment of interest, nor paid the principal amount of the Note, or any portion thereof, on the maturity date or at any other time.

95.    As a result of the foregoing, Miller and Sprei, jointly and severally, owe to Dong the principal sum of $5,400,000, together with all accrued and unpaid interest thereon at the rate of 24% per annum.

96.    By reason of the foregoing, judgment should be entered in favor of Dong and against Miller and Sprei, jointly and severally, in the principal sum of $5,400,000, with all accrued and unpaid interest thereon at the rate of 24% per annum commencing April 1, 2015.

## FIFTH CAUSE OF ACTION
### (Guaranty – Expenses of Collection)

97.    Dong repeats and realleges each and every allegation of paragraphs 1 through 96 above as if more fully set forth herein.

98.    The Guaranty provides that Miller and Sprei, jointly and severally, agree to pay any and all reasonable expenses including, without limitation, reasonable counsel fees and expenses incurred by Dong in enforcing any of his rights thereunder.

99.    Dong has incurred and, upon information and belief will continue to incur, expenses, including attorneys' fees, in enforcing his rights under the Guaranty.

100.    By reason of the foregoing, Dong is entitled to a judgment against Miller and Sprei, jointly and severally, in an amount to be proven at the trial of this action.

434315v5

## SIXTH CAUSE OF ACTION
### (Promissory Note: Against Miller and Sprei)

101.    Dong repeats and realleges each and every allegation of paragraphs 1 through 100 above as if more fully set forth herein.

102.    Pursuant to a settlement agreement in connection with Dong's claims against Miller and Sprei regarding 45 John Lofts LLC, Miller and Sprei agreed to pay to Dong the sum of $1,300,000.

103.    As security for such payment, Miller and Sprei (together with 97 Grand Avenue LLC) executed a Promissory Note (the "Grand Avenue Note"), dated September 30, 2015, in favor of Dong for payment of the sum of $1,300,000 on January 1, 2016.  A copy of the Grand Avenue Note is annexed hereto as Exhibit C and made a part hereof.

104.    The Grand Avenue Note states that it accrues interest at the rate of 9% per annum commencing after a maturity date of January 1, 2016.

105.    Miller and Sprei have failed to make payment on the Grand Avenue Note and the principal balance thereunder is presently due and payable, together with interest accrued and accruing thereon.

106.    No relief is sought from 97 Grand Avenue LLC in connection with the Grand Avenue Note.

107.    As a result of the foregoing, Miller and Sprei, jointly and severally, owe to Dong the principal sum of $1,300,000, together with interest accrued and accruing thereon at the rate of 9% per annum.

108.    By reason of the foregoing, judgment should be entered in favor of Dong and against Miller and Sprei, jointly and severally, in the principal sum of $1,300,000, with all interest accrued and accruing thereon at the rate of 9% per annum commencing January 2, 2016.

434315v5

## SEVENTH CAUSE OF ACTION
### (Promissory Note – Expenses of Collection)

109.    Dong repeats and realleges each and every allegation of paragraphs 1 through 108 above as if more fully set forth herein.

110.    The Grand Avenue Note provides that Miller and Sprei, jointly and severally, agree to pay all costs of collection, including reasonable attorneys' fees, in the event that the principal sum of the Grand Avenue Note is not paid by January 1, 2016.

111.    Dong has incurred and, upon information and belief will continue to incur, expenses, including attorneys' fees, in attempting to collect the amount due under the Grand Avenue Note.

112.    No relief is sought against 97 Grand Avenue LLC.

113.    By reason of the foregoing, Dong is entitled to a judgment against Miller and Sprei, jointly and severally, in an amount to be proven at the trial of this action.

## EIGHTH CAUSE OF ACTION
### (CPLR § 8303-b)

114.    Dong repeats and realleges each and every allegation of paragraphs 1 through 113 hereof as if more fully set forth herein.

115.    Pursuant to N.Y. CPLR § 8303(b), Dong is entitled to an allowance equal to five percent of the unpaid amount of the Judgment.

116.    By reason of the foregoing, Dong is entitled to a judgment against Miller and Sprei in an amount equal to five percent of the unpaid amount of the Judgment.

434315v5

**WHEREFORE,** Plaintiff Chun Peter Dong demands judgment as follows:

(a)     On the First Cause of Action, in favor of Dong, a temporary restraining order, preliminary injunction and permanent injunction, enjoining and restraining Miller and Sprei and all those acting in concert or cooperation with either of them from, (1) selling, transferring, assigning, modifying, secreting or encumbering (i) their respective membership interests in any limited liability company; (ii) all of their other ownership interests in any other entity and (iii) any other real and personal property in which either has an interest; and (2) permitting or authorizing any sale, transfer or encumbrance of any real or personal property owned by a limited liability company or other entity in which either Miller and Sprei, individually or collectively, own in the aggregate at least a majority of the membership interests or other interests or serves as manager, or in any way affecting, altering or modifying the title to any such properties or permitting or authorizing an increase in the indebtedness of such limited liability companies or other entities; and (3) engaging in or causing any other act by any limited liability company in which Miller or Sprei, individually or collectively, owns a majority of the membership interest therin or serves as a manager, (i) that is not in the ordinary course of business, or (ii) which contravenes the governing limited liability company documents or the New York Limited Liability Company Law, or (iii) without the written consent of any Receiver appointed in this action.

(b)     On the Second Cause of Action, in favor of Dong, (a) directing Miller and Sprei to pay such monies and other personal property to Dong to the extent sufficient to satisfy the Judgment, (b) directing the Miller/Sprei Controlled Limited Liability Companies to pay to Dong distributions of profits due to Miller and Sprei to the extent necessary to satisfy the Judgment; (c) directing the "John Doe" defendants to pay such monies and property to Dong to

the extent necessary to satisfy the Judgment, (d) directing Miller and Sprei, the Miller/Sprei Controlled Limited Liability Companies and such "John Doe" defendants to execute and deliver all documents reasonably necessary to effect such payment and/or delivery; and (e) in the alternative to subdivisions (b) and (c) above, entering judgment in favor of Dong and against the Miller/Sprei Controlled Limited Liability Companies and the "John Doe" defendants.

(c)    On the Third Cause of Action, in favor of Dong in an amount to be proven at the trial of this action;

(d)    On the Fourth Cause of Action, in favor of Dong and against Miller and Sprei, jointly and severally, in the principal sum of $5,400,000, with interest accrued and accruing thereon at the contract rate of 24% per annum from April 1, 2015;

(e)    On the Fifth Cause of Action, in favor of Dong and against Miller and Sprei, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon;

(f)    On the Sixth Cause of Action, in favor of Dong and against Miller and Sprei, jointly and severally, in the principal sum of $1,300,000, with interest accrued and accruing thereon at the rate of 9% per annum from January 1, 2016;

(g)    On the Seventh Cause of Action, in favor of Dong and against Miller and Sprei, jointly and severally, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon;

(h)    On the Eighth Cause of Action, in favor of Dong and against Miller and Sprei for an additional allowance pursuant to CPLR § 8303-b in the amount of five percent of the unpaid amount of the Judgment; and

434315v5

(i)    Granting such other and further relief as to this Court seems just and proper, including the costs and disbursements of this action, legal interest, five percent of the amount of the Judgment pursuant to CPLR § 8303-b, and attorney's fees.

Dated: New York, New York
        October 19, 2016

SILVERMAN SHIN & BYRNE PLLC

By: _____
        Peter R. Silverman
        Donald F. Schneider
*Attorneys for Plaintiff Chun Peter Dong*
Wall Street Plaza
88 Pine Street, 22nd Floor
New York, New York 10005
Tel.: (212) 779-8600
Email: psilver@silverfirm.com
        dschneider@silverfirm.com

434315v5